ZEBDIAL DAWSON for the use of JAMES P. CARPENTER *v.* EZEKIEL J. JONES.

It is no defence in a suit by the assignor for the use and benefit of the assignee of a chose in action, that the debt had before been attached in the defendant's hands and recovered from him on an execution attachment at the suit of a judgment creditor of the assignor, if the same was due and the defendant had notice or knowledge of the assignment of it, before he answered to the attachment.

ACTION of assumpsit with the usual pleas and also that the sum sued for by the plaintiff had been attached in the hands of the defendant on execution attachments upon judgments at the suit of several parties against Dawson &c. Replication that before the defendant had responded to the attachments and before the same had been so laid in his hands, he had been notified both by Dawson and by Carpenter that the debt due from him to Dawson, had been assigned by the latter to Carpenter and was then due and payable to Carpenter by virtue of the assignment to him. Rejoinder and issue thereon, as well as upon the usual pleas.

The proof was that Dawson had entered into a contract with Jones to build a small house for him for the sum of $160, and employed Carpenter and another workman to assist him in building it in the latter part of the year 1859. On the first day of November in that year before the house had been finished and whilst Dawson and Carpenter were yet engaged in the building of it, the former

sold the contract to the latter and delivered him an instrument of writing in the following words signed by him. "For value received I have this day sold the contract for building a house for Ezekiel J. Jones for one hundred and sixty dollars to James P. Carpenter." It was also proved by a witness in the case that Jones had stated to him that Carpenter, in November or December 1859, whilst he and Dawson were still at work on the house, and before any attachment had been served upon him, had notified him of the assignment to him by Dawson, of the sum due from Jones to Dawson for the building of the house, but he should not pay it to Carpenter until he knew what to do about the attachment which he said had been served upon him. There were several judgments and *fi. fa.* attachments thereon at the suit of sundry parties against Dawson produced in the evidence, the first of which was issued on the 20th day of December, 1859, and laid in the hands of Jones the next day.

*Cullen*, for the plaintiff: Although a court of law will not entertain a suit in the name of the assignee for a chose in action, it will take notice of the assignments of choses in action and protect the rights of the assignee, or *cestui que trust* in such cases against any one having notice of the assignment or trust; and actual notice of the assignment or trust need not be shown, but it is enough, if the party acts with a knowledge of such facts as ought to put him on inquiry concerning it. *Anderson et al. v. Van Allen*, 12 *Johns*. 343. An equitable assignment will secure the property against attachment for the debt of the assignor, although no notice be given to the person holding the property prior to the assignment, if it be given in time to enable him to bring it to the attention of the court before judgment is rendered against him as garnishee. Much more will the assignment be effectual, when notice has been given of it to the garnishee previous to the attachment. Hence where it appears that a debt due from the garnishee to the defendant has been equit-

ably assigned, the court will take cognizance of the assignment and protect the rights of the assignee. For as the defendant by the assignment has parted with his interest in the debt and can no longer maintain an action for it for his own benefit, against the garnishee, and as the plaintiff can acquire no greater interest in it than the defendant had at the time of the garnishment, it follows that the garnishee cannot be charged for that which he has equitably ceased to owe to the defendant, and owes to another person. In order, however, that the rights of the assignee in such a case should be fully protected, it is important that he should immediately notify the debtor of the assignment to him, because the debtor is under no obligation to pay the assignee until he has received notice of the assignment. *Drake on Attachment, secs.* 527, 528, 604, 606. In an action of assumpsit against the maker of a promissory note not negotiable by the payee of it, it was held to be a good plea in bar to it that a creditor of the plaintiff had recovered a judgment against the defendant for the amount of the note upon a writ of foreign attachment against the plaintiff laid in the hands of the defendant in another State where the note was made and in which both the plaintiff and the defendant then resided, and that a replication to such a plea that before the commencement of the proceedings in the foreign attachment referred to, the plaintiff had assigned the note in question to another person, was also good by way of replication, the suit being now prosecuted by the plaintiff, the payee of the note, for the benefit of such assignee, who was not before the tribunal in the other State, nor a party to the proceedings in foreign attachment there, it being presumed that the court there would have recognized the assignee and protected his rights had they known of the assignment ; such a replication should aver, however, that the debt was assigned for a full and valuable consideration and that the present suit was prosecuted for the benefit of the assignee. *Prescott v. Hull,* 17 *Johns.* 284. A chose in action which has been equitably assigned, is

not subject to attachment as the property of the assignor. 3 *Binn.* 394.    The obligor of a bond after notice of its assignment took a release from the obligee, which he pleaded to a suit brought by the assignee in the name of the obligee for his own benefit, to which he replied the prior assignment to him, and the replication was held good. *Andrews v. Beecher,* 1 *Johns. Ca.* 411.

*Moore,* (*C. S. Layton* with him) for the defendant: If Carpenter for whose use and benefit the action was brought in the name of Dawson by virtue of the sale or assignment of the contract by the latter to him, had any right to recover upon it, it could not be founded on any contract between him and Jones, the defendant, but it must be by virtue of the contract between Dawson and the latter which was assigned to him.    But if the evidence showed that Dawson for any reason never had any legal right to sue the defendant on the contract for his own benefit, of course, it must follow that Carpenter could have none.    What was the proof in the case ?    According to the evidence it clearly appeared that Dawson never performed the contract as he agreed to do on his part. On his part it consisted of one simple act only, and was, of course, to be performed in its entirety, and not in part merely.    It was to build a certain house for the defendant, for which he was to be paid by the latter when that was done on his part, the sum of one hundred and sixty dollars.    But he never built the house, for it was in proof that before he completed it and whilst he was yet at work upon it, on the 1st day of November, 1859, he assigned not the money due to him under the contract for building it, but sold the contract for building it to Carpenter, for a price, however, not mentioned in the bill of sale.    Indeed, there was no evidence that it had even yet been built and completed, or that the defendant had accepted it either as finished, or unfinished under the contract.    A contract of that kind was entire and must be entirely performed, before any portion of the sum to be

paid for it could be recovered in an action at law, unless it was shown that the party failing to perform it, was prevented from doing it by the direction or default in the meanwhile of the other party. *Story on Contr. sec.* 22. 13 *Johns.* 94. 2 *Mass.* 147. Nor would the answer of the defendant on the attachment laid in his hands, that he had at the time in his hands or possession of the goods and chattels, rights and credits of Dawson, the sum of one hundred and sixty dollars, be any reply to the argument which he had just made, because it did not pretend to state in what method such goods and chattels, rights and credits came into his possession, and could not amount to an admission that he was due Dawson that amount on that particular contract as entirely performed and finished and completed by him.

*Cullen,* replied.

*The Court, Gilpin, Ch. J.,* charged the jury: After adverting to the facts proved as before stated and the pleadings in the case, that if Dawson had not either by himself or some other person performed the entire contract and built and completed the house as he had agreed to do for the sum stipulated, the plaintiff was not entitled to recover, and the verdict should be for the defendant, although the action had been brought in his name for the use and benefit of Carpenter to whom he had sold and assigned the contract. But if the contract had been performed and the house had been built by him, or by his procurement, and the jury were further satisfied from the evidence that the contract was sold and assigned by Dawson to Carpenter before any of the execution attachments which had been produced and referred to in the case, had been served upon Jones, the defendant, and the latter had notice or knowledge of the sale or assignment of the contract by Dawson to Carpenter, before he answered on any of the attachments, then the plaintiff was entitled to recover in the action and their verdict should be in his favor.

The plaintiff had a verdict.